# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CULLEN,

    Petitioner,

v.                                                                                                                   Civil No. 00-478 LH/WWD

JOE WILLIAMS, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

1.  THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed June 19, 2000 **[# 12]**; Petitioner's Petition for Writ of Mandamus, filed November 20, 2000 **[docket # 14]**, Petitioner's Motion for Summary Judgment, filed August 18, 2000 **[docket # 13];** and Petitioner's Motion to Proceed In Forma Pauperis, filed November 20, 2000 **[docket # 15]**.[1]

2. Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 3, 2000.  Mr. Cullen is currently incarcerated and is proceeding *pro se* and *in forma pauperis.*  He is confined pursuant to the judgment, sentence and commitment of the District Court of Grant County, New Mexico for the crimes of kidnapping and several counts of criminal sexual contact.

3.  Respondents seek dismissal of the petition as barred by the time limits set out by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §

---

[1] Petitioner has already filed one such motion, which was granted.  See docket # 4.

2244(d)(1)(A). The provision gives a petitioner one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254, effective April 24, 1996. Petitioners whose convictions became final before the effective date of the AEDPA were given a grace period to file their federal habeas petitions by April 23, 1997. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir.1997). However, the time during which a petitioner has a properly filed application for state post-conviction review pending is not counted toward the limitation period. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir.1998); 28 U.S.C. § 2244(d)(2).

  4. Petitioner's conviction became final on November 30, 1993, or 90 days after the state supreme court denied his petitioner for writ of certiorari to the state court of appeals. See Sup.Ct.R.13; (conviction becomes final 90 days after denial of certiorari by the state supreme court); U.S. v. Willis, 202 F.3d 1279 (where defendant does not file a petition for writ of certiorari with the United States Supreme Court after a direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires). Thus, Petitioner was required to file his federal petition on or before April 23, 1997, not counting any extensions of this deadline for tolled periods while he was pursuing state post-conviction relief.

  5. Petitioner filed his first state habeas petition on March 25, 1997, only 29 days before the last day of the grace period. The petition was denied on June 10, 1997. Ans., Exs. M & O. His petition for writ of certiorari in the state supreme court was denied on July 21, 1997. Ans., Exs. P & Q. Tolling the April 23, 1997 deadline by the period of time his state habeas was pending (*March 25, 1997 to July 21, 1997, or 118 days*), the new deadline became August 19, 1997. Petitioner filed the present petition over 2 and a half years late, on April 3, 2000.

6. Petitioner also filed a second state habeas petition on January 25, 2000, which was denied on January 27, 2000.  <u>Ans., Exs. R & S</u>.  His petition for writ of certiorari, filed on February 25, 2000, was denied on March 14, 2000.  <u>Exs. T & U</u>.   Because he did not file the second state habeas until almost 3 years *after* the limitations period had ended, the time it was pending in state court should not be included in tolling the limitations period.

7. However, as Respondent points out, even tolling the periods of time for *both* the first and second state habeas petitions, the federal petition would still be barred as untimely.  From April 24, 1996 (when the grace period for the limitations period begins) until April 3, 2000 (when the federal petition was filed), a total of 1440 days elapsed.  The first state habeas (*118 days*) and the second state habeas (*January 25, 2000 to March 14, 2000, or 49 days*), were pending for a total of 167 days in state court, still leaving 1273 days (*1440 days - 167 days*), well over the 365 days available in which to file the federal petition.

8. Petitioner has not presented, nor do I find that any of the equitable tolling provisions of § 2242(d)(2) are implicated.   Accordingly, federal review of the present petition is barred because it is untimely and Respondent's Motion to Dismiss should be granted.

9. In light of the foregoing disposition of the petition, the following motions are moot: Petitioner's Petition for Writ of Mandamus **[docket # 14]**; Petitioner's Motion for Summary Judgment **[docket # 13];** and Petitioner's Motion to Proceed In Forma Pauperis **[docket # 15]**.

## Recommendation

I recommend that Respondent's Motion to Dismiss **[# 12]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE on the finding that it is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).  I also

recommend that Petitioner's Petition for Writ of Mandamus **[docket # 14]** be DENIED as being MOOT; that Petitioner's Motion for Summary Judgment **[docket # 13]** be DENIED as being MOOT**;** and that Petitioner's Motion to Proceed In Forma Pauperis **[docket # 15]** be GRANTED.

    Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                                            UNITED STATES MAGISTRATE JUDGE